# United States Court of Appeals for the Federal Circuit

---

**IN RE: MICRON TECHNOLOGY, INC.,**
*Petitioner*

---

2017-138

---

On Petition for Writ of Mandamus to the United States District Court for the District of Massachusetts in No. 1:16-cv-11249-WGY, Judge William G. Young.

---

Decided: November 15, 2017

---

JARED BOBROW, Weil, Gotshal & Manges LLP, Redwood Shores, CA, for petitioner. Also represented by MICHELE GAUGER, AARON Y. HUANG, JEREMY JASON LANG; MEGAN WANTLAND, Washington, DC.

WILLIAM D. BELANGER, Pepper Hamilton LLP, Boston, MA, for respondent President and Fellows of Harvard College. Also represented by RYAN C. DECK, MAIA H. HARRIS, GREGORY D. LEN.

---

## ON PETITION

---

Before TARANTO, CHEN, and HUGHES, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Micron Technology, Inc., petitions for a writ of mandamus to set aside the district court's denial of Micron's motion, made pursuant to 28 U.S.C. § 1406(a), to dismiss or to transfer the case for improper venue. The district court held that Micron had waived its venue objection. The court relied on the waiver rule of Federal Rule of Civil Procedure 12(h)(1)(A), which, as relevant here, provides for waiver, based on the incorporated terms of Rule 12(g)(2), when a defendant omits an available venue defense from an initial motion to dismiss. The court concluded that the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), was not a change of law that would make Rule 12(g)(2) and hence Rule 12(h)(1)(A) inapplicable.

Many district courts have faced similar situations since *TC Heartland* was decided, and the result has been widespread disagreement over the change-of-law question relevant to waiver under Rule 12(g)(2) and (h)(1)(A). We answer that question and clarify the basic legal framework governing determinations of forfeiture of a venue defense. We conclude that *TC Heartland* changed the controlling law in the relevant sense: at the time of the initial motion to dismiss, before the Court decided *TC Heartland*, the venue defense now raised by Micron (and others) based on *TC Heartland*'s interpretation of the venue statute was not "available," thus making the waiver rule of Rule 12(g)(2) and (h)(1)(A) inapplicable. But that waiver rule, we also conclude, is not the only basis on which a district court might reject a venue defense for non-merits reasons, such as by determining that the defense was not timely presented. A less bright-line, more discretionary framework applies even when Rule 12(g)(2) and hence Rule 12(h)(1)(A) does not. We grant the petition, vacate the order, and remand for consideration of forfeiture under that framework.

## I

In June 2016, President and Fellows of Harvard College (Harvard) filed this patent-infringement case in the District of Massachusetts against Micron, which is incorporated in Delaware and has its principal place of business in Idaho. Harvard alleged that venue in the District of Massachusetts is proper in this matter under 28 U.S.C. §§ 1391(b) and 1400. On August 15, 2016, Micron moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim, but it did not include an objection to venue under Rule 12(b)(3).

In December 2016, the Supreme Court granted review in the *TC Heartland* case to address the correct interpretation of the term "resides" in 28 U.S.C. § 1400(b), which addresses venue in patent cases. Under that provision, patent-infringement actions "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In late May 2017, the Court held that, under § 1400(b), "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517.

After the decision in *TC Heartland*, Micron filed a motion, pursuant to 28 U.S.C. § 1406(a) and Rule 12(b)(3), to dismiss or to transfer the case on the ground that the District of Massachusetts is not a proper venue for this case. The district court denied the motion. It concluded that, under Rule 12(g)(2) and (h)(1)(A), Micron had waived its venue defense by not objecting to venue in its first motion to dismiss filed in August 2016. The court rejected Micron's contention that *TC Heartland* was a change of law that made the Rule 12(h)(1)(A) waiver rule inapplicable. *President & Fellows of Harvard Coll. v. Micron Tech., Inc.*, No. 1:16-cv-11249-WGY, 2017 WL 3749419, at *2, 4 (D. Mass. Aug. 30, 2017).

Micron petitions for a writ of mandamus, asking us to reverse the district court's order and direct that the case either be dismissed for improper venue or transferred to the District of Delaware or the District of Idaho. Harvard asks this court to deny the petition or, if we do not deny it outright, to vacate the order and to remand for consideration of the portion of § 1400(b) that allows venue "where the defendant has committed acts of infringement and has a regular and established place of business." The district court, having found that Micron waived its venue objection, did not decide whether venue is proper under that part of § 1400(b).

## II

### A

The court may issue a writ of mandamus as "necessary or appropriate in aid of [its] . . . jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Traditionally, the writ has been used "to confine [the court to which the requested mandamus would be directed] to a lawful exercise of its prescribed jurisdiction." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). "Although courts have not confined themselves to an arbitrary and technical definition of 'jurisdiction,' only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify" issuance of the writ. *Id.* (internal citations and quotation marks omitted).

There are three general requirements for mandamus. First, the petitioner must "have no other adequate means to attain the relief" desired. *Id.* Second, the petitioner must show that the "right to issuance of the writ is 'clear and indisputable.'" *Id.* at 381 (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

Third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.*

Mandamus may be used in narrow circumstances where doing so is important to "proper judicial administration." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957). More specifically, the Supreme Court has confirmed that, in some circumstances, mandamus can be an appropriate means for the appellate court to correct a district court's answers to "basic, undecided" legal questions. *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964). This court has applied those standards, including, recently, in the venue context. *E.g.*, *In re Cray Inc.*, 871 F.3d 1355, 1358–59 (Fed. Cir. 2017); *see also In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1291 (Fed. Cir. 2016) (noting that mandamus may be appropriate to "further supervisory or instructional goals" regarding "issues [that] are unsettled and important") (citation omitted); *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1313 (Fed. Cir. 2011); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc) (issuing writ of mandamus regarding venue-transfer order and noting that such writs "are supervisory in nature and are particularly appropriate when the issues also have an importance beyond the immediate case").

We find this case to present special circumstances justifying mandamus review of certain basic, unsettled, recurring legal issues over which there is considerable litigation producing disparate results. After the Supreme Court decided *TC Heartland*, corporate defendants in many pending patent cases newly presented venue objections under 28 U.S.C. § 1400(b), asserting lack of residence in the judicial district where the case was filed. In many of those cases, the timing of the venue objection presented a question about waiver under Rule 12(g)(2) and (h)(1)(A)—in particular, whether *TC Heartland*

effected a change of controlling law such that the Rule 12(h)(1)(A) waiver rule was inapplicable. The district courts have deeply split on the answer. All of that is made clear in the district court's decision in this case, so we need not multiply citations. *Harvard*, 2017 WL 3749419, at *3–4.

Answering the fundamental change-of-law question regarding the applicability of Rule 12(g)(2) and (h)(1)(A)—as well as the equally fundamental question whether those provisions provide the only basis for finding that a defendant can no longer make a venue objection—is important to proper judicial administration. Doing so would reduce the widespread disparities in rulings on the fundamental legal standards, while leaving the exercise of such discretion as is available in applying those standards subject to case-by-case review. In these circumstances, we think that mandamus is a proper vehicle for considering the fundamental legal issues presented in this case and many others.

B

Section 1406(a) of Title 28 of the United States Code provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A defendant objecting to venue may file a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). The ability to file a Rule 12(b)(3) motion, however, is constrained by other provisions of that Rule.

What is key for present purposes is Rule 12(h)(1), which provides:

> *When Some [Defenses] Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

As relevant here, Rule 12(h)(1)(A) says that a venue defense under Rule 12(b)(3) is waived if it is omitted from a motion in the circumstances described in Rule 12(g)(2).

Rule 12(g)(2), in relevant part, states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[1]  In particular, subject to one crucial condition, Rule 12(g)(2) covers a situation in which a defendant has made a Rule 12(b) motion to dismiss but omitted from that motion a venue objection under Rule 12(b)(3)—which is what Micron did in August 2016.  The crucial condition for Rule 12(g)(2) to apply, and hence for the unmade venue objection to be waived under Rule 12(h)(1)(A), is that the venue defense had to be "available to the [defendant]" when the defendant made the initial Rule 12(b) motion.

Accordingly, the Rule 12 waiver question presented here is whether the venue defense was "available" to Micron in August 2016.  We conclude as a matter of law that it was not.  The venue objection was not available

---

[1]   Rule 12(g)(2) excepts objections based on Rule 12(h)(2) and (3), which are not applicable here.

until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue.

This is a common-sense interpretation of Rule 12(g)(2). Where controlling law precluded the district court, at the time of the motion, from adopting a defense or objection and on that basis granting the motion, it is natural to say, in this context, that the defense or objection was not "available" to the movant. The law of precedent is part of what determines what law controls. The language "was available" focuses on the time of the motion in the district court, not some future possibility of relief on appeal, thus pointing toward how the district court may permissibly act on the motion at the time—*i.e.*, where the motion is for dismissal, whether it can dismiss the case and thereby avoid wasting resources on continued litigation. Because what Rule 12(g)(2) addresses is the omission of a defense or objection from an initial motion for one of the forms of relief specified in the Rule, subsection (g)(2) is naturally understood to require the availability of that relief at the time of the initial motion (here, dismissal based on improper venue). That understanding is supported by the purpose of Rule 12(g)(2), which is to consolidate defenses and to promote early resolution of such issues. *See* Fed. R. Civ. P. 12 advisory committee notes (1966) ("[Rule 12(g)'s] required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case."); *see also id.* ("Amended subdivision (h)(1)(A)" specifies waiver of available defenses not raised in a pre-answer Rule 12 motion because "[a] party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job.").

This straightforward, relatively bright-line reading reflects, as well, the waiver consequence stated in Rule

12(g)(2) and (h)(1)(A): in declaring an objection waived, those provisions mention no considerations except the availability of the objection when it was omitted from the specified Rule 12 motion.[2]  This reading is also supported by the instruction stated in Federal Rule of Civil Procedure 1—that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  When a defense or objection is futile in the sense that the law bars the district court from adopting it to dismiss, to require the assertion of the defense or objection in an initial motion to dismiss, on pain of waiver, would generally be to require the waste of resources, contrary to Rule 1.

No decision of the Supreme Court or a circuit court to which we have been pointed runs counter to this common-sense interpretation.[3]  The rationale for this interpretation, moreover, is consistent with the general approach, which is neither rigid nor context-independent, that is reflected in opinions from the Supreme Court and the circuit courts in various settings—*i.e.*, a sufficiently sharp change of law sometimes is a ground for permitting a party to advance a position that it did not advance earlier in the proceeding when the law at the time was strongly enough against that position.  *See, e.g.*, *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (vacating and remanding to allow petitioner to amend pleadings to include estoppel argument that was futile

---

[2]  As explained *infra*, a less bright-line standard for forfeiture applies in particular circumstances even when there is no waiver under Rule 12(g)(2) and (h)(1)(A).

[3]  We therefore need not decide whether this circuit's law or the relevant regional circuit's law governs the particular waiver question presented.

under earlier controlling precedent but now available by partial overruling of precedent); *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143–44 (1967) (opinion for four Justices) (allowing late raising of First Amendment objection to libel liability, where, at the time of trial, "there was strong precedent indicating that civil libel actions were immune from general constitutional scrutiny"); *Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004); *Gucci Am., Inc. v. Li*, 768 F.3d 122, 135–36 (2d Cir. 2014); *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981); *Chassen v. Fidelity Nat'l Fin., Inc.*, 836 F.3d 291, 293 (3d Cir. 2016) ("Every circuit to have answered this question has held that a litigant [need not] engage in futile gestures merely to avoid a claim of waiver." (brackets in original) (internal quotation marks omitted)); *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 263 (3d Cir. 2008); *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999); *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1175 n.1 (5th Cir. 1990); *Sambo's Rests., Inc. v. City of Ann Arbor*, 663 F.2d 686, 692–93 (6th Cir. 1981); *Brown v. M & M/Mars*, 883 F.2d 505, 512–13 (7th Cir. 1989); *Ackerberg v. Johnson*, 892 F.2d 1328, 1332–33 (8th Cir. 1989); *Big Horn Cty. Elec. Coop., Inc. v. Adams*, 219 F.3d 944, 953–54 (9th Cir. 2000); *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986); *Peterson v. Shearson/Am. Exp., Inc.*, 849 F.2d 464, 466 (10th Cir. 1988); *Benoay v. Prudential-Bache Secs., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986); *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986); *Fed. Election Comm'n v. Legi-Tech, Inc.*, 75 F.3d 704, 707 (D.C. Cir. 1996); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 n.9 (D.C. Cir. 1988); *see also* 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478 (2d ed., Apr. 2017 update).

This case is one in which controlling precedent precluded the district court from adopting an objection to venue before the Supreme Court decided *TC Heartland*—

specifically, from adopting such an objection in August 2016, when Micron made its first Rule 12 motion. On the patent-specific issue of the proper interpretation of 28 U.S.C. § 1400(b), the district court was bound by this court's precedent. *See In re Cray*, 871 F.3d at 1360 ("Federal Circuit law, rather than regional circuit law, governs [the] analysis of what § 1400(b) requires."); *see also Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 475 (Fed. Cir. 1991); *Panduit Corp. v. All States Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1573 (Fed. Cir. 1984). Circuit-court precedent is binding on district courts notwithstanding the mere possibility that the Supreme Court might come to disapprove that precedent. *See Eulitt ex rel. Eulitt v. Maine, Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004). It does not appear, indeed, that Harvard disputes those propositions.

This court held in *V.E. Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed. Cir. 1990), that the 1988 amendments to 28 U.S.C. § 1391(c) furnished a definition of "resides" that applied to § 1400(b). In so ruling, this court recognized that the Supreme Court had held in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957), that the then-current version of § 1391(c) did *not* apply to § 1400(b); but this court concluded that the 1988 amendments to § 1391(c)—which of course were not before the Court in *Fourco*—produced a different statutory prescription. *V.E. Holding*, 917 F.2d at 1579–80. Under the 1988 version of § 1391(c), a corporate defendant was "'deemed to reside in any judicial district in which it [wa]s subject to personal jurisdiction at the time the action [wa]s commenced.'" *Id.* at 1578 (quoting statute). It is undisputed that Micron comes within that broad definition.

The 1988 version of § 1391(c) does not itself apply in this case. Filed in 2016, this case is subject to the version of § 1391(c) that resulted from amendments adopted by Congress in 2011. Under this (the current) version, "an

entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c). Although the language is slightly different from the 1988 version, it is undisputed that Micron comes within the definition of "resides" stated in the current version of § 1391(c).

The crucial holding of *V.E. Holding* was that § 1391(c)'s definition of "resides," after the 1988 amendments, applied to § 1400(b). On that crucial point, there is no substantial argument for distinguishing the 2011 amendments to § 1391(c) from the 1988 amendments that *V.E. Holding* addressed. Indeed, we so held in *In re TC Heartland LLC*, 821 F.3d 1338, 1341–43 (Fed. Cir. 2016), *rev'd on other ground*, 137 S. Ct. 1514 (2017), and the Supreme Court in *TC Heartland* did not disturb that conclusion.

Thus, if *V.E. Holding* is taken as a binding precedent, § 1391(c)'s current definition of "resides" applies to § 1400(b). It follows that controlling precedent, which the district court here was bound to follow, would plainly have barred the district court from adopting a venue objection had Micron made one before the Supreme Court decided *TC Heartland*. The 1957 *Fourco* decision had not (and could not have) addressed the post-1988 versions of § 1391(c), and no intervening Supreme Court decision had undermined *V.E. Holding* before the Court decided *TC Heartland*. The *V.E. Holding* precedent, applied to the 2011 version of § 1391(c), therefore precluded the district court in this case from finding venue improper until the Court decided *TC Heartland*. Harvard does not appear to dispute those conclusions.

The Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017. The Court ob-

served that Congress "has amended § 1391 twice" since *Fourco*, 137 S. Ct. at 1517, and the Court described both the 1988 and 2011 amendments, *id.* at 1519–20. The Court then encompassed both amendments within its statement of its holding: "We conclude that the amendments to § 1391 did not modify the meaning of § 1400(b) as interpreted by *Fourco*." *Id.* at 1517. Similarly, the Court did not distinguish the two amendments when, having stated the *Fourco*-declared meaning of § 1400(b), it said that "the only question [it] must answer is whether Congress changed the meaning of § 1400(b) when it amended § 1391." *Id.* at 1520. The answer was no. *Id.* at 1520–21. The Court thus clearly (if not quite expressly) rejected *V.E. Holding* and concluded that the definition of "resides" in § 1391(c) does not apply to § 1400(b).

That change of law, by severing § 1400(b) from § 1391(c), made available to Micron in this case the objection that it does not come within the meaning of "resides" for purposes of venue under § 1400(b). That position was not available for the district court to adopt before the Court decided *TC Heartland*, because controlling precedent precluded adoption of the position. For that reason, the objection was not "available" under Rule 12(g)(2) when Micron made its motion to dismiss in 2016. Accordingly, contrary to the district court's conclusion, Rule 12(h)(1)(A)'s waiver rule is inapplicable here.

## C

Although we agree with Micron as to the inapplicability of Rule 12(h)(1), we do not agree that we should order dismissal or transfer for lack of venue, or even remand for proceedings limited to consideration of the merits of the venue question. Rule 12(h)(1) is not the sole basis on which a district court might, in various circumstances, rule that a defendant can no longer present a venue defense that might have succeeded on the merits. We briefly clarify the fundamental reasons for that conclusion

and the framework governing forfeiture even where Rule 12(h)(1) is inapplicable.

Rule 12(h)(1) identifies certain situations as triggering a conclusion of waiver. It does not state that there is no other basis on which a district court might find a defendant to have forfeited an otherwise-meritorious venue defense. And it makes little sense to treat Rule 12(h)(1) as excluding other grounds for such a forfeiture. Consider a scenario in which a statute clearly allowed venue in the forum at the time of a first Rule 12 motion, but the statute was later changed so as to forbid venue in the forum, with application of the changed statute to pending cases. Rule 12(g)(2) and (h)(1)(A) would not apply to a new motion to dismiss or transfer for lack of venue (because the ground was not available when the first Rule 12 motion was filed), but nothing in the Federal Rules of Civil Procedure would preclude a district court from applying other standards, such as those requiring timely and adequate preservation, to find a venue objection lost if, for example, it was not made until long after the statutory change took effect.

The Supreme Court recently confirmed that the Federal Rules of Civil Procedure "are not all encompassing" and that there are "standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *Dietz v. Bouldin, Inc.*, 136 S. Ct. 1885, 1891 (2016). The Court explained "that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962); see also *United States v. Hudson,* 7 Cranch 32, 34 (1812)." *Id.* The Court then identified the fundamental limits on such authority:

> First, the exercise of an inherent power must be a "reasonable response to the problems and needs" confronting the court's fair administration of justice. *Degen v. United States,* 517 U.S. 820, 823–824 (1996).  Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute. See *id.,* at 823; Fed. Rule Civ. Proc. 83(b) (districts courts can "regulate [their] practice in any manner consistent with federal law"); see, *e.g., Bank of Nova Scotia v. United States,* 487 U.S. 250, 254 (1988) (holding that a district court cannot invoke its inherent power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)).

*Id.* at 1892 (alteration in original; parallel citations omitted).  The Court summarized the "two principles—an inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Id.*

We see no reason that the *Dietz* framework is inapplicable to venue objections.  Indeed, apart from the Federal Rules, Congress has provided express statutory confirmation of judicial authority to consider the timeliness and adequacy of a venue objection:  28 U.S.C. § 1406(b) provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

The Supreme Court explained in *Neirbo Co. v. Bethlehem Shipbuilding Corp.*:

> [T]he locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of liti-

gants and as such is subject to their disposition. . . .

> Being a privilege, [venue] may be lost.  It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.

308 U.S. 165, 168 (1939); *see Panhandle E. Pipe Line Co. v. Fed. Power Comm'n*, 324 U.S. 635, 639 (1945) ("The right to have a case heard in the court of proper venue may be lost unless seasonably asserted."); *Commercial Cas. Ins. Co. v. Consol. Stone Co.*, 278 U.S. 177, 178–81 (1929) (discussing requirement that venue be "seasonably" raised and finding waiver where the "[d]efendant allowed the time for *effective* objections to expire and did nothing" (emphasis added)); *see also Manley v. Engram*, 755 F.2d 1463, 1468 (11th Cir. 1985) (waiver of motion to transfer under § 1406(a) may occur "in any of several ways: by express waiver, by conduct amounting to waiver as a matter of law, or by failure to interpose a timely and sufficient objection"); *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978) (venue objection pursuant to § 1406(a) waived because untimely); *Davis v. Smith*, 253 F.2d 286, 288 (3d Cir. 1958) (party waives venue objection when it "performs some act which indicates to the court that [it] elects not to raise [its] privilege of venue").

For those reasons, we think it clear that, apart from Rule 12(g)(2) and (h)(1)(A), district courts have authority to find forfeiture of a venue objection.  This authority is properly exercised within the framework of *Dietz*, which requires respecting, and not "circumvent[ing]," relevant rights granted by statute or Rule.  136 S. Ct. at 1892.

This authority must be exercised with caution to avoid the forbidden circumvention.  And exercise of the authority certainly may rest on sound determinations of untimeliness or consent ("submission," in the language of

*Neirbo*).  But we generally leave to future cases the task of elaborating on when such determinations may soundly be reached and what other considerations, if any, might be relevant within the *Dietz* framework.  We also do not address here whether this court's law or the relevant regional circuit's law governs forfeiture standards not tied to the patent-specific venue statute.

We limit our observations to the following.  As to timeliness, whereas the waiver rule of Rule 12(g)(2) and (h)(1)(A) requires a focus on the time the *TC Heartland* venue objection was "available" for the district court to adopt (*i.e.*, on or after May 22, 2017), the non-Rule authority's general concern with timeliness is not necessarily so limited.  We have not provided a precedential answer to the question whether the timeliness determination may take account of factors other than the sheer time from when the defense becomes available to when it is asserted, including factors such as how near is the trial, which may implicate efficiency or other interests of the judicial system and of other participants in the case.  But we have denied mandamus, finding no clear abuse of discretion, in several cases involving venue objections based on *TC Heartland* that were presented close to trial.[4] We also note a scenario that presents at least an obvious

---

[4]    *See, e.g.*, *In re Nintendo of Am. Inc.*, 695 F. App'x 543, 543–44 (Fed. Cir. 2017) (motion less than three months before trial); *In re Techtronic Indus. N. Am., Inc.*, No. 17-125, 2017 WL 4685333, at *1 (Fed. Cir. July 25, 2017) (less than two months before trial); *In re Hughes Network Sys., LLC*, No. 17-130, 2017 WL 3167522, at *1 (Fed. Cir. July 24, 2017) (less than two months before trial); *In re Sea Ray Boats, Inc.*, No. 17-124, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (two weeks before trial).

starting point for a claim of forfeiture, whether based on timeliness or consent or distinct grounds: a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration. We do not here say how such a claim of forfeiture ultimately should be analyzed.

Beyond those observations, we do not explore the contours of timeliness outside Rule 12(g)(2) and (h)(1)(A) or how to assess what constitutes consent to venue or what if any other considerations could justify a finding of forfeiture even when the defendant has not waived its objection under Rule 12(g)(2) and (h)(1)(A). In noting issues that might be presented, we are not suggesting that the leeway to find such forfeiture is broad. We do not here seek to define the channels in which discretion must be exercised, even for the specific, time-limited circumstance of the transition from *V.E. Holding* to *TC Heartland*. Any legal conclusions about the boundaries of discretion must await particular district court explanations under the *Dietz* framework of how discretion is being exercised in particular settings.

In this case, the district court considered whether to excuse what it found to be a Rule 12(h)(1)(A) waiver but did not consider whether Micron lost its right to assert the absence of venue on grounds separate from Rule 12(h)(1)(A). We remand for the court to consider any such properly raised non-Rule 12(h)(1)(A) arguments that Micron has forfeited its venue defense and, if there are no such sound arguments, to consider the merits of venue under § 1400(b).

## III

Accordingly, IT IS ORDERED THAT the petition is granted to the following extent: the district court's order denying Micron's Rule 12(b)(3) motion is vacated, and the

case is remanded for further proceedings consistent with this Order.