NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**POLARIS INDUSTRIES INC.,**
*Appellant*

**v.**

**ARCTIC CAT, INC.,**
*Appellee*

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2017-1870, 2017-1871

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2015-01781, IPR2015-01783.

_____

**ON MOTION**

_____

PER CURIAM.

**O R D E R**

Polaris Industries Inc. appeals from two final written decisions of the U.S. Patent and Trademark Office's Patent Trial and Appeal Board holding certain claims of its U.S. Patent No. 8,827,028 unpatentable. When the Board instituted the inter partes reviews ("IPR"), it declined to institute review of additional claims and grounds of unpatentability that Arctic Cat, Inc. had included in its IPR petitions. Thus, the Board's final written decisions do not address the noninstituted claims and grounds. Following the Supreme Court's decision in *SAS Institute Inc. v. Iancu*, 584 U.S. __, 138 S. Ct. 1348 (2018), Polaris moved to terminate these appeals and remand to allow the Board to address the noninstituted claims and grounds. For the reasons that follow, we grant the motion.

BACKGROUND

Arctic Cat filed two IPRs challenging the '028 patent, which describes and claims all-terrain vehicles. The Board instituted review of a subset of the challenged claims on some of the proposed grounds of unpatentability.

The Board held each instituted claim unpatentable, and Polaris appealed. Among other things, Polaris argued on appeal that the Board erred because its analysis in its final written decisions conflicted with the rationale in its institution decisions. After the parties submitted their appeal briefs, the Supreme Court issued its opinion in *SAS*, holding that "the Board *must* address *every* claim the petitioner has challenged" in its final written decisions. *SAS*, 138 S. Ct. at 1354. In view of *SAS*, Polaris moved to terminate the appeals and remand the IPRs. In response, Arctic Cat argued that patent owners lack the right to request remand following *SAS*, and that regardless, Polaris waived its right to argue against partial institution by failing to preserve the argument. The PTO intervened to argue that both patent owners and petition-

ers have the right to seek remand following *SAS* but that Polaris waived that right by not preserving the issue in its briefing before the Board.

## DISCUSSION

We conclude that Polaris may request a remand to allow the Board to consider noninstituted claims and grounds. A patent owner has an interest in obtaining a final written decision that addresses all challenged claims and resolves all questions of patentability that might otherwise cloud the perceived validity of its patent. And further, a patent owner benefits from complete decisions because following a final written decision on a claim, the petitioner, its real-parties-in-interest, and those in privity with the petitioner are largely barred from challenging that claim's validity. *See* 35 U.S.C. § 315(e). We conclude that Polaris may seek remand to obtain these benefits because the Board's existing final written decisions do not address all challenged claims or all grounds. Arctic Cat's contrary arguments do not persuade us otherwise.

We further conclude that Polaris did not waive its right to seek remand by not arguing against partial institution before the Board. Precedent holds that a party does not waive an argument that arises from a significant change in law during the pendency of an appeal. *See, e.g.*, *Hormel v. Helvering*, 312 U.S. 552, 558–59 (1941) (holding an exception to the waiver rule exists in "those [cases] in which there have been judicial interpretations of existing law after decision below and pending appeal—interpretations which if applied might have materially altered the result"); *accord In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017) (acknowledging that "a sufficiently sharp change of law sometimes is a ground for permitting a party to advance a position that it did not advance earlier in the proceeding when the law at the time was strongly enough against that position"); *Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 114 F.3d 1161,

1164 (Fed. Cir. 1997) (on remand from Supreme Court, holding that "[g]iven the change in law, it would be unfair at this stage of the case to apply Hilton Davis' statements against it or estop it from augmenting the record to show the reason for the claim amendment based on other facts that may be available"). Prior to the Supreme Court's decision in *SAS*, any attempt to argue against partial institution would have been futile under the Board's regulations and our precedent. *See, e.g.*, 37 C.F.R. § 42.108 (permitting partial institution); *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1315 (Fed. Cir. 2016) ("[T]he statute is quite clear that the PTO can choose whether to institute inter partes review on a claim-by-claim basis."). Polaris's failure to challenge the Board's partial institution before the Supreme Court's issuance of *SAS* is therefore excused.

After considering the parties' arguments and the circumstances in this case, we conclude that remand is warranted.[1] Polaris based many of its contentions on appeal on alleged inconsistencies in the Board's treatment of U.S. Patent No. 3,407,893 ("Hill") in its institution decisions versus its final written decisions. Though we express no opinion on the merits of Polaris's contentions, we find it appropriate in this case to allow the Board to consider the noninstituted claims and grounds, which may resolve the alleged inconsistencies.

We thus remand these IPRs to allow the Board to consider the noninstituted portions of Arctic Cat's petitions. On remand, the Board need not reconsider issues already addressed in its final written decisions unless, in the course of considering the noninstituted claims and grounds, it finds it necessary to do so.

---

[1] Because we do not exercise jurisdiction over these appeals, we need not address Polaris's arguments regarding jurisdiction.

IT IS ORDERED THAT:

These appeals are terminated and these IPRs are remanded to the Board for proceedings consistent with this order.

FOR THE COURT

__May 30, 2018__                    /s/ Peter R. Marksteiner
Date                                Peter R. Marksteiner
                                    Clerk of Court