NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re: MEDTRONIC, INC.,**
*Petitioner*

---

2022-107

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00973-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Medtronic, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to dismiss this patent case for improper venue under 28 U.S.C. § 1400(b). Alternatively, Medtronic, Inc. asks this court to vacate the district court's order denying its motion to transfer venue under 28 U.S.C. § 1404(a). TMT Systems, Inc. opposes the petition.

BACKGROUND

TMT brought this suit in the Western District of Texas, alleging that Medtronic USA, Inc. directly infringes U.S. Patent No. 7,101,393 ("the '393 patent") by selling certain stent graft products marketed under the name Endurant and that Medtronic, Inc. indirectly infringes the patent by "actively aiding and abetting infringement by others, including Medtronic USA" and by "contributing to direct infringement committed by customers such as health care providers and physicians" within the district and elsewhere. Appx161–63. TMT further alleges that Medtronic, Inc. maintains a "regular and established place of business" at a San Antonio facility leased to another of its wholly-owned subsidiaries, MiniMed Distribution Corp. § 1400(b). Appx148–53.

Following discovery on venue, both defendants moved to dismiss pursuant to § 1400(b) and Federal Rule of Civil Procedure 12(b)(3). The district court denied Medtronic, Inc.'s motion. It concluded that the San Antonio facility was an established place of business of Medtronic, Inc. for purposes of venue in the Western District of Texas, finding that Medtronic, Inc. played a crucial role in establishing the facility; 20 of Medtronic, Inc.'s own employees work from the facility; Medtronic, Inc. owns equipment at the facility; Medtronic, Inc.'s logo is displayed on the outside of the facility; and the facility is listed on Medtronic.com's website as a "Medtronic Location." Appx1–2.

The district court further determined that TMT's allegations of indirect infringement were sufficient to establish, for purposes of venue under § 1400(b), that Medtronic, Inc. "has committed acts of infringement" in the Western District of Texas. The court rested that determination on (a) its findings that Medtronic, Inc. did not dispute "that TMT sufficiently alleged direct infringement on the part of Medtronic USA"; (b) Medtronic, Inc. did not challenge the sufficiency of TMT's contributory infringement allegations;

and (c) TMT's complaint alleges, among other things, that "Medtronic[, Inc.] has infringed and continues to infringe the '393 patent . . . by (among other things) actively aiding and abetting infringement by others, including Medtronic USA . . . . Medtronic[, Inc.] has made and continues to make, offered to sell and sold, and continues to offer to sell and sell, the Accused Products with the knowledge and specific intent to encourage and facilitate infringing uses of such products by Medtronic USA and its customers." Appx5–6 (emphasis omitted).*

Having denied Medtronic, Inc.'s motion to dismiss, the court turned to Medtronic, Inc.'s contingent motion to transfer pursuant to § 1404(a). It held that Medtronic, Inc. had failed to establish the threshold requirement for granting transfer of this case under that statute, namely, that the present action "might have been brought" in the Northern District of California. Appx6. The court noted, among other things, that Medtronic, Inc. did not believe that it had a regular and established place of business of its own in the transferee venue and "does not admit that either Medtronic[, Inc.] or its California subsidiary Medtronic Vascular has committed any acts of infringement in the NDCA." Appx15–16. It also rejected Medtronic, Inc.'s argument that one of its subsidiaries, Medtronic Vascular, having a facility in Santa Rosa, California, established a regular and established place of business of Medtronic, Inc. for purposes of establishing venue. Appx16.

Medtronic, Inc. then filed this petition principally challenging the district court's determination that the complaint sufficiently alleged that Medtronic, Inc. has

---

\*    The district court reached a different conclusion as to Medtronic USA, finding it had no regular and established place of business in the Western District of Texas, and therefore granted its motion to dismiss.

committed acts of infringement in the Western District of Texas, making it subject to venue under § 1400(b). Medtronic, Inc's petition secondarily contends that the district court clearly abused its discretion in concluding that it failed to satisfy the threshold requirements for transfer under § 1404(a) and asks the court to grant mandamus to direct the district court to consider the transfer factors.

## DISCUSSION

Issuance of a writ of mandamus is a "drastic" remedy, "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947). A party seeking a writ bears the burden of demonstrating that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). Even when those two requirements are met, the court must be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 381 (2004). Medtronic, Inc. has not made such a showing on either of its challenges.

## A

Unlike with motions to transfer under § 1404(a), mandamus ordinarily is unavailable for immediate review of rulings on motions asserting lack of venue under § 1400(b), because a post-judgment appeal generally is an adequate remedy for such violations. *See Bankers Life & Cas. Co.*, 346 U.S. 379, 379–84 (1953) (holding that mandamus review of an improper-venue decision was inappropriate and noting it was not clear that an adequate remedy could not be afforded); *In re HTC Corp.*, 889 F.3d 1349, 1352–54 (Fed. Cir. 2018) ("Unlike a defendant challenging the denial of a § 1404(a) transfer motion, a defendant aggrieved by the denial of an improper-venue motion has an adequate remedy on appeal from a final judgment"). Although this court has

noted that mandamus may be available to raise improper venue-related challenges in "certain exceptional circumstances warranting immediate intervention to assure proper judicial administration," *In re Google LLC,* No. 2018-152, 2018 WL 5536478, at *2 (Fed. Cir. Oct. 29, 2018) (citing cases), we cannot say that Medtronic, Inc. has clearly presented such an issue in its petition here.

Medtronic, Inc.'s only attempt to satisfy that requirement is its challenge concerning whether "a district court considering the acts-of-infringement prong of § 1400(b) may accept unsupported allegations of infringement in the face of unrebutted declarations and other admissible documentary evidence that conclusively defeat those allegations." Pet. at 29. But the declaration Medtronic, Inc. relies on for support does not, in clear and indisputable terms, refute TMT's allegations of indirect infringement; it merely says that "Medtronic, Inc., does not manufacture, import, offer to sell, or sell the accused Endurant products and has not done so within the six years prior to the filing of this litigation" and that "Medtronic, Inc., does not direct, control, or otherwise have any direct involvement with Medtronic USA's sale of the accused Endurant products." Appx250–51. The other evidence discussed in the petition are records Medtronic, Inc. says relate to inter-company transfers of the accused products and records pertaining to sales representatives responsible for selling the accused products. Again, we are not prepared to say that those records clearly and indisputably refute TMT's indirect infringement allegations.

Medtronic, Inc. also contends that TMT's allegations in its complaint are insufficient to establish infringement for venue purposes under § 1400(b). But this is not the sort of "basic, unsettled, reoccurring legal issue[] over which there is considerable litigation producing disparate results" that is usually required for this court to take up a challenge on mandamus. *In re Micron Tech., Inc.*, 875 F.3d 1091, 1102 (Fed. Cir. 2017). The district court's determinations

focused on various case-specific details of TMT's allegations in its complaint and Medtronic, Inc.'s presentation of the issues in its motion to dismiss for improper venue.

Nor can we say that Medtronic, Inc. has shown a clear and indisputable error in the district court's determination on that issue. The district court's determination rested in part on its reasonable conclusion that Medtronic, Inc. did not properly contest TMT's allegations concerning contributory infringement when it failed to raise the issue until its reply in support of its motion, and even then, only in a footnote. Pet. at 28 (citing Appx329 n.5). We are also not persuaded by Medtronic, Inc.'s challenge to the sufficiency of the induced infringement allegations. Medtronic, Inc. notes the district court's order recited the portion of the complaint that "Medtronic[, Inc.] has made and continues to make, offered to sell and sold, and continues to offer to sell and sell, the Accused Products with the knowledge and specific intent to encourage and facilitate infringing uses of such products by Medtronic USA and its customers." Appx5 (emphasis omitted). Considered alone, those allegations may not be sufficient to support induced infringement. But those allegations do not stand alone. The quoted sentence is within a section alleging infringement that expressly incorporates the preceding paragraphs, several of which allege that Medtronic USA sells Endurant while Medtronic, Inc. holds itself out to the FDA and consumers as the manufacturer of Endurant, Appx141–42, influences Medtronic USA's actions through shared officers, Appx145, and knew that Endurant infringes the '393 patent, Appx160–61.

B

Medtronic, Inc. also seeks mandamus relief to overturn the district court's no-transfer determination under § 1404(a). Under applicable Fifth Circuit law, we review those determinations only to see if there was such a clear abuse of discretion that refusing transfer amounted to a

patently erroneous result.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  We cannot say that Medtronic, Inc. has shown such abuse occurred.

Medtronic, Inc. contends that the court imposed a higher and inconsistent burden to satisfy the threshold requirement that venue was proper in the transferee venue than it imposed on TMT to show that venue was proper in the Western District of Texas.  But Medtronic, Inc.'s own motion expressly stated that it "does not believe that it is subject to venue in the Northern District of California under the law as correctly applied." Appx121.  Unlike in the context of improper venue, the burden to demonstrate that venue is proper in the transferee venue in the context of a § 1404(a) motion rests with the movant.  *See In re Volkswagen of Am., Inc.,* 545 F.3d 304, 314 (5th Cir. 2008) (en banc).  Because it found that Medtronic, Inc. disputed infringing acts had taken place in Northern California and disputed that venue was proper there, the court concluded that Medtronic, Inc. failed to satisfy that burden.  We see no clear error in that determination.

Nor are we prepared to say that the district court was unreasonable in rejecting Medtronic, Inc.'s argument that the facility of its subsidiary, Medtronic Vascular, in the Northern District of California constituted a regular and established place of business of Medtronic, Inc.  Fairly read, Medtronic, Inc.'s motion merely asserted that if the court were to find that venue in Western Texas was proper based on the facility leased to one of its subsidiaries in San Antonio, then it would similarly follow that venue would be proper in the transferee venue based on the Santa Rosa facility of another of its subsidiaries.  But the court noted that its venue decision was "not based on the fact that [Medtronic, Inc.] has a subsidiary in [San Antonio, TX], but is based in part on Medtronic[, Inc.]'s essential role in establishing the facility in San Antonio, TX and its exercise of attributes of possession and control over that San Antonio facility."  Appx15.  And we see no clear error in the

court's conclusion that Medtronic, Inc. failed to produce evidence showing a similar level of control over Medtronic Vascular's Northern California facility.

Accordingly,

IT IS ORDERED THAT:

Medtronic, Inc.'s petition is denied.

FOR THE COURT

December 27, 2021            /s/ Peter R. Marksteiner
        Date                 Peter R. Marksteiner
                             Clerk of Court

s31