NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re VLSI TECHNOLOGY LLC,**
*Petitioner*

---

2024-116

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 5:17-cv-05671-BLF, Judge Beth Labson Freeman.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

## O R D E R

VLSI Technology LLC petitions this court for a writ of mandamus seeking to reverse an order allowing Intel Corporation to amend its answer.  Intel opposes.  VLSI replies.  For the following reasons, we deny the petition.

VLSI has asserted a number of patents against Intel in several forums.  Two United States district court actions are currently pending, one in the Western District of Texas, which was previously on appeal before this court, *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332 (Fed. Cir. 2023),

and the present case filed by VLSI against Intel in the Northern District of California, alleging, as relevant here, that Intel infringed U.S. Patent Nos. 8,566,836 (the '836 patent); 8,004,922 (the '922 patent); 7,675,806 (the '806 patent); and 8,268,672 (the '672 patent).

Intel's amended answer here raised an affirmative defense that, under a prior agreement with a third party, Intel was licensed to practice the patents. After discovery closed, Intel moved for summary judgment of no infringement and the parties filed cross-motions for summary judgment on the license defense. In December 2023, the district court granted summary judgment in Intel's favor on the '836 and '922 patents; denied summary judgment of non-infringement on the '806 and '672 patents; and denied the cross-motions over the licensing defense.

Shortly thereafter, VLSI granted Intel a covenant not to sue on the '806 and '672 patents. Concluding that VLSI's unconditional promise not to sue for infringement of those patents deprived it of jurisdiction over Intel's license defense, the district court denied Intel's request to proceed to trial on that issue. Two days later, on January 26, 2024, Intel moved to amend its answer to assert a counterclaim for a declaratory judgment that Intel is licensed to VLSI's entire patent portfolio. On February 9, 2024, the district court granted that motion, concluding that amendment was permissible under Rules 15 and 16 of the Federal Rules of Civil Procedure. VLSI then filed this petition.[1] We have jurisdiction. 28 U.S.C. §§ 1295(a)(1) and 1651.

"Mandamus may be employed in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court." *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988) (citing, among others,

---

[1]    After this petition was filed, the district court vacated its previously-scheduled trial date.

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)). Due to the exceptional nature of this relief, a petitioner must generally show that: (1) it has a clear and indisputable right to relief; (2) it does not have any other adequate method of obtaining relief; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). VLSI fails to make that showing here.

VLSI primarily contends that the district court cannot hold a trial over Intel's license counterclaim after having found it lacked jurisdiction over Intel's prior related affirmative defense. Alternatively, VLSI argues that the district court should decline jurisdiction to allow these issues to be resolved in other proceedings. But VLSI has available means of obtaining relief on those issues without our immediate intervention. The district court's order allowing Intel to amend its answer expressly contemplated exploring these issues in subsequent briefing, and VLSI has now raised these challenges in its February 23, 2024 motion to dismiss, Docket No. 868. If unsuccessful in those efforts before the district court, VLSI can also meaningfully raise these challenges on appeal after final judgment.[2]

VLSI has also not shown the district court abused its discretion in finding good cause for Intel to amend its answer to add a counterclaim. Applying the governing legal

---

[2] Attempting to sidestep this requirement, VLSI invokes cases that have recognized mandamus "may be used in narrow circumstances where doing so is important to 'proper judicial administration.'" *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017) (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957)). But VLSI has identified no "basic, unsettled, recurring legal issues over which there is considerable litigation producing disparate results" that we previously have found sufficient for this exception to apply. *Micron*, 875 F.3d at 1095.

standards, the district court made a case-specific determination of good cause having found that Intel acted diligently in moving to amend its answer after the order finding the affirmative defense moot, that the prejudice to VLSI was minimal since VLSI had long been on notice of the issue, and that it would not be futile to allow Intel to amend to include the counterclaims, particularly in light of this court's decision reversing the Texas district court on the same issue. *VLSI*, 87 F.4th at 1349–52.

We need not address whether the court has subject matter jurisdiction over the counterclaim at this stage. The district court has a pending motion before it that will address jurisdiction in the first instance. We only note that Intel's motion to amend its answer was filed *after* the court determined there were no remaining claims, such that no case or controversy remained before the court.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 18, 2024
Date