NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re INLINE PLASTICS CORP.,**
*Petitioner*

---

2025-105

---

On Petition for Writ of Mandamus to the United States District Court for the District of Massachusetts in No. 4:18-cv-11631-MRG.

---

**ON PETITION**

---

Before PROST, BRYSON, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Petitioner Inline Plastics Corp. seeks a writ of mandamus to compel the district court to dismiss certain counterclaims asserted by respondent Lacerta Group, Inc., in a patent infringement action about to go to trial in the District of Massachusetts.  Because Inline's petition does not satisfy the demanding standard required to justify the issuance of a writ of mandamus, we deny the petition.

I

Inline brought this suit against Lacerta alleging infringement of five patents. Lacerta counterclaimed, seeking a declaratory judgment of invalidity as to all five patents. The district court granted summary judgment of infringement as to one of the patents, and the jury rendered a verdict of no infringement as to the other four patents. The jury also found that all the asserted claims from all five patents were invalid.

On appeal, this court affirmed the non-infringement portion of the jury's verdict but remanded for a new trial on the portion of the jury's verdict finding all the asserted claims invalid. The court also remanded for a determination of damages (if needed) on the single infringed patent in the event that patent was not held invalid. *Inline Plastics Corp. v. Lacerta Grp., LLC*, 97 F.4th 889, 903 (Fed. Cir. 2024).

On remand, Inline moved to dismiss as moot Lacerta's invalidity counterclaims as to the four patents that had been adjudged non-infringed ("the noninfringed patents"). In the alternative, Inline asked the court to bifurcate the case so that the portion of the case involving the invalidity and damages issues under the one patent for which the court had granted summary judgment of infringement would be tried to a jury, and the issue of the invalidity of the noninfringed patents would be tried to the court. Lacerta opposed both requests.

As for the mootness argument, Lacerta pointed out that Inline had not offered Lacerta a covenant not to assert any of the noninfringed patents against other Lacerta products. Those products, Lacerta pointed out, were subject to possible infringement claims based on alleged past infringement, even though three of Inline's noninfringed patents were now expired and a fourth was set to expire shortly. The district court ruled that under all the circumstances, including the possibility that some or all of the

four noninfringed patents could be asserted against other Lacerta products based on infringement occurring while those patents were in force, the invalidity issue as to those four patents was not moot.

As for the bifurcation issue, Lacerta argued that it should not be deprived of its right to a jury trial on its counterclaims of invalidity regarding the noninfringed patents simply because the infringement issues under those patents were now out of the case. Inline argued that because Lacerta did not have a right to a jury trial as to the invalidity counterclaims relating to the noninfringed patents, the court was required to bifurcate the proceedings, conducting a bench trial on the invalidity counterclaims directed to the noninfringed patents and a jury trial on the validity counterclaim directed to the remaining patent, which had been held infringed.

That course of action was required, Inline argued, regardless of the inefficiency of the process. *See* Appx241 (Inline's counsel: "I think you have to do that, your Honor, because there isn't a constitutional right to a jury as to those four patents. It may not make sense from a practical viewpoint."). The court rejected counsel's argument and ruled that it was not barred from submitting the contested invalidity counterclaims on the noninfringed counterclaims to a jury. Trial in the case is scheduled to begin on November 4, 2024.

II

Inline now petitions this court to grant a writ of mandamus requiring the district court to dismiss Lacerta's counterclaims as to the noninfringed patents and to limit the jury trial portion of the proceedings to the issue of invalidity of the remaining patent on which the district court

has previously entered summary judgment of infringement.[1]

## A

Mandamus is generally reserved for extraordinary circumstances, where the petitioner has no other adequate means to attain the relief desired, petitioner's right to issuance of the writ is clear and indisputable, and the court is satisfied that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Inline has not met that demanding standard. At a minimum, it has failed to show why an appeal after final judgment is an inadequate avenue for raising its challenges to jurisdiction and to the court's decision to conduct a jury trial with respect to all the invalidity claims in the case. Nor has the petition shown "this case to present special circumstances justifying mandamus review of certain basic, unsettled, recurring legal issues" that might warrant mandamus relief, *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017), or to ensure "proper judicial administration," Petition at 24 (citing *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957)).

## B

With respect to the mootness issue, the district court noted that in light of the circumstances, and in particular Inline's failure to provide Lacerta with a covenant not to sue on the four noninfringed patents, the invalidity counterclaims as to those patents were not moot.[2]

---

[1]    The district court previously determined that it would conduct a separate bench trial on the issue of inequitable conduct. There is no dispute regarding that aspect of the court's ruling.

[2]    Before the district court, counsel for Inline repeatedly emphasized that none of the remaining claims of the

The Supreme Court has stated that, as a general matter, "appellate affirmance of a judgment of noninfringement, eliminating any apprehension of suit, does not moot a declaratory judgment counterclaim of patent invalidity." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 132 n.11 (2007) (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993)); *SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech. LTD*, 59 F.4th 1328, 1338 (Fed. Cir. 2023). Mootness of an invalidity counterclaim can arise when a judgment of noninfringement becomes final, but only if the circumstances are such that the accused infringer is freed from any non-speculative threat that the challenged patent will be asserted against it in the future. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1298 (Fed. Cir. 2009); *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1346 (Fed. Cir. 2007).

While Lacerta no longer faces claims of infringement with respect to the products that were adjudged to be noninfringing in the previous trial, Lacerta asserted in the district court that it has numerous other products that could be subject to claims of infringement under the four noninfringed patents if those patents are not invalidated in the remand proceedings. Appx178; *Inline Plastics Corp. v. Lacerta Grp., Inc.*, No. 4:18-cv-11631, Dkt. No. 473, at 8 (Aug. 6, 2024). Although Inline emphasized that the jury's verdict resolved the issues of infringement with respect to all the products that were before the court in the first trial, Appx165–68, the district court noted that Inline had not offered a covenant not to assert those four patents against

---

four noninfringed patents would be asserted in this case, but counsel did not make a binding representation that those patents would not be asserted against other Lacerta products in the future.

products that were not at issue in the current action. *Id.* at 168.[3]

In the *Cardinal Chemical* case, the Supreme Court noted that although the initial burden of establishing the trial court's jurisdiction rests on the party invoking that jurisdiction, "once that burden has been met courts are entitled to presume, absent further information, that jurisdiction continues. If a party to an appeal suggests that the controversy has, since the rendering of judgment below, become moot, that party bears the burden of coming forward with the subsequent events that have produced that alleged result." 508 U.S. at 98 (citation omitted). The Court explained that "[a] company once charged with infringement must remain concerned about the risk of similar charges if it develops and markets similar products in the future." *Id.* at 99–100.

That is the situation in which Lacerta finds itself. In this case, it is indisputable that the district court initially had jurisdiction over all of Lacerta's counterclaims of invalidity. The district court has in substance held that Inline has not met its burden to show there is no longer a case or controversy with respect to Lacerta's invalidity counterclaims on the four patents as to which the jury found no infringement. For the foregoing reasons, Inline has not shown that it has a clear and indisputable right to have Lacerta's invalidity claims as to those four patents dismissed.

---

[3]    Counsel for Lacerta noted that Inline's counsel had argued that any future infringement claims "might be claim precluded, that there might be a claim splitting issue," but that Inline's representations "are not equal to a covenant not to sue." Appx178. Lacerta's counsel acknowledged that a "proper covenant not to sue could divest this Court of jurisdiction over our invalidity counterclaim." *Id.*

C

With respect to the jury trial issue, the court exercised its discretion to submit to the jury the invalidity counterclaims that relate to the noninfringed patents. Although Inline argued to the district court that the court was required to bifurcate the trial because Lacerta has no constitutional right to a jury trial on those claims, Lacerta's rights are not the issue. Instead, Inline's argument is implicitly premised on a contention that it has a right to a bench trial on the invalidity issues (other than the one that is tied to the remaining infringement claim).

It is well established, however, that there is no constitutional right to a bench trial in either a civil or criminal case. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959); *Singer v. United States*, 380 U.S. 24, 35 (1965); *see also Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 20 (1963).[4] The district court was therefore free to exercise its discretion to rule that the counterclaims of invalidity as to the noninfringed patents will be tried to the same jury that will hear the counterclaims of invalidity as to the patent for which the court has entered summary judgment of infringement.

D

Finally, Inline argues repeatedly throughout its petition (*see* Petition at 4, 10, 18, 24, 25) that by allowing the invalidity counterclaims that relate to the noninfringed patents to be heard by the jury, the district court has violated this court's mandate in the initial appeal in this case, where this court directed the district court to determine on remand "how particular issues are properly allocated

---

[4]    Congress has granted a statutory right to a bench trial in limited circumstances, *see, e.g., Gould v. Aerospatiale Helicopter Corp.*, 40 F.3d 1033, 1034–35 (9th Cir. 1994), but it has not done so in patent cases.

between judge and jury." *Inline Plastics Corp.*, 97 F.4th at 900.

That contention is frivolous. The appellate court's observation about allocating issues between judge and jury was made in the context of an argument by Inline that the district court should not have instructed the jury on certain aspects of Lacerta's written-description and enablement grounds for asserting invalidity. The court of appeals noted that Inline's argument rested on the principle that trial courts should not instruct on a "legal abstraction that is not applicable to the facts of the case or that would submit to the jury a matter that the court should determine for itself." 97 F.4th at 899 (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2552 (3d ed. Apr. 2023 update)). The context of the court's comment makes it clear that the court was addressing what instructions should be given to the jury on remand, not whether the jury should be allowed to hear claims of invalidity that are not tied to pending infringement claims.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

October 29, 2024
Date