# United States Court of Appeals
# for the Federal Circuit

---

**ANGELINA BANNISTER,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2021-1832

---

Petition for review of the Merit Systems Protection Board in No. DA-0714-20-0517-I-1.

---

Decided: February 24, 2022

---

ROBERT STEPHENS WEBB, III, Tully Rinckey PLLC, Austin, TX, argued for petitioner. Also represented by MICHAEL FALLINGS.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE HOSFORD.

---

Before PROST, CHEN, and HUGHES, *Circuit Judges.*

PROST, *Circuit Judge*.

In August 2020, petitioner Angelina Bannister was suspended from her position with the Department of Veterans Affairs ("VA") for conduct unbecoming a federal employee. In February 2021, the Merit Systems Protection Board ("Board") upheld Ms. Bannister's suspension. Because the Board's decision as to the underlying suspension rests on an incorrect statement of law in view of our court's recent decision in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), we vacate that portion of the Board's decision and remand. We affirm, however, the Board's determination that Ms. Bannister's affirmative defense of whistleblower reprisal failed.

I

Ms. Bannister has been employed by the VA for over two decades. During the timeframe relevant to this appeal, the VA employed Ms. Bannister as a staff pharmacist at the Southeast Louisiana Veterans Health Care System in the Baton Rouge Outpatient Clinic, Baton Rouge, Louisiana. J.A. 2.

On July 14, 2020, the VA issued Ms. Bannister a notice of proposed removal under 38 U.S.C. § 714 based on a charge of conduct unbecoming a federal employee. J.A. 247–49. The notice alleged (in four specifications) that Ms. Bannister had repeatedly spoken rudely and inappropriately to various veterans and coworkers, including, for example, that Ms. Bannister had "yell[ed] and scream[ed]" at pharmacy personnel in response to being informed that she had been "assigned to provide curbside triage to pharmacy patients." J.A. 247–48.

On August 7, 2020, the VA issued a final decision sustaining the charge of conduct unbecoming (but mitigating the proposed penalty of removal to a 30-day suspension). J.A. 186–87. Notably, after considering Ms. Bannister's "written replies" "along with all the evidence developed and

provided to [Ms. Bannister]," the deciding official "found that the charge as stated in the notice of proposed removal [was] supported by *substantial* evidence." J.A. 186 (emphasis added).

Ms. Bannister subsequently appealed her suspension to the Board. In relevant part, Ms. Bannister contested whether the charged conduct occurred, and she alleged as an affirmative defense that the VA suspended her in reprisal for protected whistleblowing activity. J.A. 2, 13. The administrative judge found that "the agency proved by substantial evidence" that Ms. Bannister had "engaged in conduct materially consistent with the specifications." J.A. 12. The administrative judge also determined that Ms. Bannister's "affirmative defense fail[ed]." J.A. 21. The administrative judge's initial decision became the final decision of the Board on February 4, 2021. J.A. 24, 28. Ms. Bannister now petitions for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

Our review of Board decisions is limited. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012). A final decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Potter v. Dep't of Veterans Affs.*, 949 F.3d 1376, 1379 (Fed. Cir. 2020). We review the Board's legal determinations de novo and its factual findings for substantial evidence. *Archuleta v. Hopper*, 786 F.3d 1340, 1346 (Fed. Cir. 2015).

In 2017, Congress enacted 38 U.S.C. § 714 to provide expedited procedures by which the Secretary of Veterans Affairs may remove, demote, or suspend employees if the VA determines that such measures are warranted based on the covered individual's performance or misconduct.

38 U.S.C. § 714(a)(1); *see Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1317–18 (Fed. Cir. 2021). This case arises against the backdrop of section 714. Specifically, as relevant here, section 714 provides that on appeal to the Board, "the administrative judge shall uphold" a decision by the VA "to remove, demote, or suspend an employee under subsection (a) if the decision is supported by substantial evidence." § 714(d)(2)(A).

This change prompted litigation in our court concerning whether section 714 permits the *agency* to apply a "substantial evidence" standard of proof in making disciplinary decisions in the first instance. In August 2021, in *Rodriguez v. Department of Veterans Affairs*, our court answered that question, holding that "substantial evidence may not be used as the standard of proof in disciplinary actions under section 714." 8 F.4th 1290, 1303 (Fed. Cir. 2021). Rather, under section 714, "preponderance of the evidence is the minimal appropriate burden of proof" as to whether the alleged "misconduct had occurred." *Id.* at 1301. Our court explained that the references to "substantial evidence" in section 714 "are all explicitly directed to the standard of review to be applied by administrative judges and the Board." *Id.* at 1298.

On appeal to us, Ms. Bannister argues that, under *Rodriguez*, the VA must now determine "that it is more likely than not that [Ms. Bannister] engaged in the conduct as alleged." Reply Br. 2.[1] In other words, Ms. Bannister

---

[1]   At oral argument, the government contended that Ms. Bannister forfeited her *Rodriguez* argument because she raised it for the first time in her reply brief (which was filed about two months after *Rodriguez* was decided). Oral Arg. at 21:05–22:20, No. 21-1832. We disagree. *See, e.g.*, *In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017) ("[A] sufficiently sharp change of law sometimes is a ground for permitting a party to advance a position that it

contends that the VA's final decision sustaining the charged conduct is legally flawed because the deciding official found the charge proved merely by *substantial* evidence rather than a "preponderance of the evidence" as required by *Rodriguez*. *See* Reply Br. 1–4.

Indeed, the deciding official in this case, in a decision that predated *Rodriguez*, characterized "substantial evidence" as the applicable standard of proof. J.A. 186. The deciding official's use of that standard of proof was in error. When making its decision, the agency, as *Rodriguez* clarified, must prove its charge by a preponderance of the evidence. Because the deciding official used the incorrect standard of proof in reaching the final decision here, we vacate the Board's decision as to the underlying suspension and remand to the Board for further proceedings under the correct legal standard. Presumably those further proceedings will include the Board requiring the VA's deciding official to determine whether the evidence as to the charge against Ms. Bannister satisfies the requisite preponderance-of-the-evidence standard of proof.

Ms. Bannister also appeals the Board's findings concerning her affirmative whistleblowing defense. *See* Pet'r's Br. 13–17; Resp't's Br. 37–45. Here, the Board found that certain "protected disclosures" by Ms. Bannister contributed to her suspension but that other alleged disclosures were not "protected." *See* J.A. 14–19. The Board then found that Ms. Bannister's affirmative defense failed nonetheless because, in the Board's view, the VA met its burden

---

did not advance earlier in the proceeding when the law at the time was strongly enough against that position."). Here, pre-*Rodriguez*, our case law did not directly resolve whether the VA was permitted to prove misconduct under section 714 merely by substantial evidence. *See, e.g., Sayers v. Dep't of Veterans Affs.*, 954 F.3d 1370, 1374 n.4 (Fed. Cir. 2020).

to establish that it would have taken the same action notwithstanding the protected disclosures. *See* J.A. 19–21. We conclude that the Board's determinations regarding Ms. Bannister's whistleblowing defense are supported by substantial evidence and in accordance with the law. For example, in determining whether the alleged disclosures were "protected," the Board considered emails from Ms. Bannister containing the alleged disclosures, as well as related testimony from Ms. Bannister and multiple other agency employees. J.A. 14–18. Further, in assessing whether the agency had met its burden, the Board properly applied the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

## III

For the foregoing reasons, we vacate the Board's decision as to Ms. Bannister's underlying suspension, affirm the Board's decision as to Ms. Bannister's affirmative defense, and remand for further proceedings consistent with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

Costs to Ms. Bannister.