NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES MCHUGH,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2022-2127

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-21-0212-W-2.

---

Decided:  April 17, 2023

---

JAMES JOSEPH MCHUGH, Marion, IN, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before PROST, WALLACH, and CHEN, *Circuit Judges*.

PER CURIAM.

James McHugh appeals the final decision of the Merit Systems Protection Board ("Board"), which concluded that he failed to establish a prima facie case of whistleblower retaliation by the Department of Veterans Affairs ("Agency") and denied his Individual Right of Action ("IRA") bifurcated appeal that requested corrective action under the Whistleblower Protection Act of 1989 and the Whistleblower Protection Enhancement Act of 2012 (collectively "WPA"). *McHugh v. Dep't of Veterans Affs.*, No. CH-1221-21-0212-W-2, 2022 WL 1521359 (M.S.P.B. May 11, 2022) ("Final Decision")[1] (VA Appx. 1–12).[2]  We affirm.

## BACKGROUND

On March 3, 2019, the Agency hired Mr. McHugh as a Food Service Worker Supervisor, stating on the Standard Form ("SF") 50 documenting the hiring that this was a "supervisory (or managerial) position" subject to a one-year probationary period beginning that day.  VA Appx. 2, 34. During this probationary period, the Agency promoted Mr. McHugh to Supervisory Health Technician Dietetic on October 27, 2019, and the SF 50 documenting the promotion noted that the promotion came with a one-year probationary period, effective the same day as the promotion.  Consequently, the SF 50 for the promotion did not credit Mr. McHugh for completing nearly eight months of his probationary period under the first SF 50 and instead reset the clock.

---

[1]    The administrative judge's Initial Decision issued on May 11, 2022, became the final decision of the Board thirty-five days after issuance pursuant to 5 C.F.R. § 1201.113.  We refer to the administrative judge's Initial Decision as the Board's Final Decision.

[2]    "VA Appx." refers to the appendix that the Agency filed concurrently with its informal brief.

On September 24, 2020, Mr. McHugh acknowledged his receipt of the Agency's letter dated the day before and titled "Failure to Satisfactorily Complete Supervisory Probationary Period" ("Demotion Notice"), which demoted him for two specifications: (1) a July 14, 2020 altercation with a coworker, where Mr. McHugh "behaved inappropriately during operations yelling aggressively and not choosing to de-escalate the situation to the point where the Food Service Systems Manager, Jeremy Parsons had to step in[,]" and (2) a June 15, 2020 "Admonishment for Inappropriate Behavior" for engaging in an "inappropriate conversation with a co-worker." VA Appx. 36. After receiving the Demotion Notice, Mr. McHugh requested ten days of administrative leave to regroup and gather his thoughts because of the demotion. On September 25, 2020, the Agency approved ten days of annual leave, telling Mr. McHugh that he could not use administrative leave. On September 26, 2020, the demotion became effective, and two days later, Mr. McHugh requested that the Agency reconsider the demotion on September 28, 2020.

Sometime between September 23, 2020 and September 29, 2020, Mr. McHugh filed a complaint with the U.S. Office of Special Counsel ("OSC") that alleged he had experienced a hostile work environment and had been demoted. *See* VA Appx. 3–4.[3] On October 2, 2020, the OSC attorney notified Mr. McHugh that his OSC complaint kept his anonymity and did not authorize her to reach out to the Agency with questions. Mr. McHugh that same day replied

---

[3]    The AJ previously determined at the jurisdictional phase that "[t]he exact date that [Mr. McHugh] filed a complaint of prohibited personnel practice with OSC is not clear from the record," but on September 29, 2020, he received an OSC email acknowledging receipt of his complaint and noting that an OSC attorney was assigned to his complaint. VA Appx. 20.

to the OSC attorney, consenting to no longer be anonymous and allowing the OSC attorney to reach out to the Agency.

On October 15, 2020, the reconsideration meeting was held, and the following participated: Mr. McHugh, James Hall (Cincinnati VAMC Associate Deputy Director), Charles Smith (Mr. McHugh's Union Representative), and Adriana Carter (VISN 10 Human Resources ELR Specialist). At this reconsideration meeting, Mr. Smith requested that the Agency either mitigate or rescind the demotion when he raised the concern that Mr. McHugh's probationary period ended before the Demotion Notice's issuance. The next day, on October 16, 2020, the Agency mitigated Mr. McHugh's demotion and issued a reprimand ("Reprimand") instead.

On March 20, 2021, Mr. McHugh filed an IRA appeal with the Board. The Board's administrative judge ("AJ") dismissed the appeal without prejudice to allow Mr. McHugh to first exhaust with the OSC the claims raised before the Board. Mr. McHugh re-filed his appeal with the Board on October 15, 2021, and the AJ ruled on February 1, 2022, that the Board only had jurisdiction over the issue of whether the Agency issued its reprimand of Mr. McHugh in retaliation for his complaint to the OSC.

On February 8, 2022, the AJ issued an order suspending case processing for thirty days beginning February 8, 2022, and ending March 10, 2022, to allow the parties to complete discovery and prepare for the hearing. SAppx. 14.[4] The order did not alter any pending deadline.

On March 25, 2022, Mr. McHugh filed a motion to compel discovery before the AJ, four days before the scheduled

---

[4]     "SAppx." refers to Mr. McHugh's supplemental appendix, *see* ECF No. 39, which represents the pages that were accepted from his submission. *See* ECF No. 35 at 17–35.

merits hearing in the matter. The AJ denied the motion to compel as untimely and failing to comply with other regulations of the Board as well.[5]

On March 29, 2022, the AJ held a merits hearing[6] to address whether Mr. McHugh had made out a prima facie case of whistleblower retaliation. On May 11, 2022, the AJ delivered an Initial Decision on behalf of the Board, finding Mr. McHugh had not made out a prima facie case of whistleblower retaliation because there was no evidence at the March 29, 2022 hearing that any person involved in the decision to reprimand Mr. McHugh in October 2020 had any contemporaneous knowledge of Mr. McHugh's OSC complaint. Thus, Mr. McHugh's request to the Board for corrective action was denied.

Mr. McHugh then timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

---

[5] The AJ noted that the Board previously ordered that any discovery be issued by February 15, 2022, and, under 5 C.F.R. § 1201.73(d)(3), any motion to compel was due by March 11, 2022. The AJ also noted that Mr. McHugh did not provide "a statement that he attempted to discuss the anticipated motion with [A]gency counsel," did not provide "a response of his original request and a statement showing that the information he sought was discoverable," and did "not file[] a copy of the [A]gency's response to the request." VA Appx. 15–16 (citing 5 C.F.R. § 1201.73(c)(1)(i)–(iii)).

[6] The AJ previously determined to bifurcate the hearings, with the first hearing addressing the whistleblower retaliation prima facie case, and the second hearing, to be scheduled if Mr. McHugh succeeded in the first, addressing whether the Agency would propose the same action against Mr. McHugh in the absence of his OSC complaint.

## DISCUSSION

### I. STANDARD OF REVIEW

We must affirm the Board's final decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "We review the Board's legal determinations de novo and its factual findings for substantial evidence." *Bannister v. Dep't of Veterans Affs.*, 26 F.4th 1340, 1342 (Fed. Cir. 2022). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938).

### II. WHISTLEBLOWER RETALIATION

Mr. McHugh disputes that he failed to present a prima facie case of whistleblower retaliation. Certain whistleblowing disclosures or activities made by an employee are protected under the WPA, which prohibits the agency from taking a personnel action against that employee as a response. *See* 5 U.S.C. § 2302(b)(8)–(9). The Board will order a corrective action, as it considers appropriate, for certain statutorily described prohibited personnel practices if the employee demonstrates that a disclosure or protected activity under the WPA was a "contributing factor in the personnel action which was taken or is to be taken against" the employee. 5 U.S.C. § 1221(e)(1) (citing 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B)–(D)). The employee establishes a prima facie case of whistleblower retaliation with a showing by a preponderance of evidence that the employee made a protected disclosure or engaged in a protected activity, and that the disclosure or protected activity contributed to the agency's personnel action against the employee. *See Rickel v. Dep't of the Navy*, 31 F.4th 1358, 1364 (Fed. Cir. 2022); *see also* 5 U.S.C. § 1221(e). If the employee makes out a prima facie case, the burden then

shifts to the agency to "show by clear and convincing evidence that it would have taken 'the same personnel action in the absence of such disclosure'" or activity. *Rickel*, 31 F.4th at 1364 (citations omitted).

The AJ recognized that filing an OSC complaint is a protected activity and that Mr. McHugh's subsequent reprimand by the Agency was a qualifying personnel action. *See* VA Appx. 8–9 (first citing 5 U.S.C. § 2302(b)(9)(A)(i); and then *Horton v. Dep't of Veterans Affs.*, No. CH-1221-06-0480-W-1, 106 M.S.P.R. 234, ¶ 18 (M.S.P.B. June 22, 2007)). However, the AJ found that Mr. McHugh failed to establish how his protected activity of filing an OSC complaint was a "contributing factor" for the Agency's personnel action of reprimanding him. *Id.* at 9.

We acknowledge that an employee may establish a "contributing factor" through the so-called knowledge/time test using circumstantial evidence, such as "(A) the official taking the personnel action knew of the disclosure or protected activity; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action." 5 U.S.C. § 1221(e)(1)(A)–(B).

Mr. McHugh disputes the AJ's finding and insists that the AJ did not appear to consider the Agency's inconsistencies at the hearing or erred by finding that the Agency officials were confused on the dates. We disagree because the AJ recognized that

> although testimony of witnesses involved in the decision to reprimand [Mr. McHugh] was not entirely harmonious on the precise dates surrounding reconsideration of the Demotion Notice and the decision to reprimand [Mr. McHugh], the witnesses offered unrebutted, credible testimony that they had no awareness of [his] OSC complaint in October 2020 and that they mitigated the demotion to a reprimand

> only after [Mr. McHugh's] representative alerted them to the fact that [Mr. McHugh's] supervisory probationary period had lapsed.

VA Appx. 9–10.[7] Accordingly, we find that substantial evidence supports the AJ's finding that "there was no evidence that any person involved in the decision to reprimand [Mr. McHugh] in October 2020 had any contemporaneous awareness of [his] OSC complaint." *Id.* at 9. The AJ listened to the Agency witnesses testify, and they indicated during either direct or cross examination that they lacked contemporaneous awareness of Mr. McHugh's OSC complaint. *Id.* (collecting witness testimonies); *see also id.* (noting that Mr. Smith, Mr. McHugh's union representative, did not testify that during his prior representation of Mr. McHugh he referenced the OSC complaint to

---

[7] We observe that there are inconsistencies as to dates in the record. *Compare* VA Appx. 51 (affidavit states that "[o]n October 6, 2020, [Mr. McHugh] was issued a notice of reconsideration, which mitigated the demotion to a reprimand with orders for required training[,]" and asks affiant "[w]hat were the events that led up to [Mr. McHugh] being issued a notice of reconsideration on October 6, 2020") *with id.* at 47 (October 16, 2020 Reprimand, noting that "[a]fter reconsideration, a decision has been made to mitigate the action and reprimand you" and that "[a]long with this reprimand, you will be required to attend Sensitivity Training, Conflict Resolution and I-Care Training"). However, we conclude that there is substantial evidence for the AJ's finding because the AJ considered the "minor discrepancies regarding precise dates—each of the witnesses readily admitted to lack of certainty on the dates—do not detract from the witnesses' clear testimony regarding the sequence of events that led to the Reprimand and their lack of awareness of [Mr. McHugh's] OSC complaint." *Id.* at 10.

the Agency). The AJ also considered and found that none of the admitted documents suggested otherwise, and noted that Mr. McHugh did not offer his witness testimony even with the opportunity to do so. We have considered the record and conclude that the AJ reasonably found that "[n]o other evidence, circumstantial or otherwise, supports the conclusion" that Mr. McHugh's OSC complaint contributed to the Agency's reprimand decision. *Id.* at 10. Thus, there is substantial evidence for the AJ's finding that Mr. McHugh failed to demonstrate by a preponderance of the evidence that his OSC complaint was a "contributing factor" for the Agency's action to substantiate a prima facie case of whistleblower retaliation.

### III. EVIDENTIARY AND WITNESS CREDIBILITY DETERMINATIONS

Mr. McHugh contends that the AJ should have found evidence of the Agency's contemporaneous knowledge of his OSC complaint based on the Agency officials' affidavits or witness testimonies, including testimony of Ms. Carter's supposedly frantic demeanor when recommending the mitigation to Mr. Parsons and Ms. Mohler, as well as the circumstances surrounding an OSC complaint filed by another Agency employee where that employee's removal was stayed. The Agency responds that Mr. McHugh is requesting the evidence to be reweighed on appeal. "Under the substantial evidence standard of review, we do not reweigh evidence on appeal." *Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016) (cleaned up).

Mr. McHugh appears to challenge the credibility of the Agency's witnesses, even insisting that one of them lied under oath about when she found out about the OSC complaint. The Agency responds that Mr. McHugh attempts to ascribe the Agency's witnesses as having an "obstructionist motive . . . ." Appellee's Br. 19. "We have held that an evaluation of witness credibility is within the discretion

of the Board and that, in general, such evaluations are virtually unreviewable on appeal." *Kahn v. Dep't of Just.*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) (cleaned up). The AJ after hearing the witnesses testify concluded that they "offered unrebutted, credible testimony . . . ." VA Appx. 10.

The AJ reasonably found that Mr. McHugh did not show a "contributing factor" based on the record evidence in light of his arguments, where the circumstantial evidence indicated that the relevant Agency officials did not have contemporaneous knowledge of the OSC complaint. VA Appx. 9–10. Because we do not reweigh evidence on appeal, we conclude that there is no reversible error here.

## IV. PROCEDURAL CHALLENGES FOR DISCOVERY AND EVIDENTIARY ISSUES

Mr. McHugh insists that the AJ erred by not reopening discovery when denying his motion to compel discovery, failing to consider facts, and making certain evidentiary rulings at the hearing. We disagree. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the Board and its officials." *Reuter v. Dep't of Commerce*, ---F.4th---, 2023 WL 2746297, at *11 (Fed. Cir. 2023) (cleaned up). We will not disturb the Board's decision unless the "abuse of discretion is clear and is harmful." *Id.* "If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, in order for petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1379 (Fed. Cir. 1988).

Here, we cannot disturb the Board's decision because Mr. McHugh fails to demonstrate that the AJ engaged in clear and harmful abuse of discretion with respect to discovery and evidentiary rulings, or that an error caused him substantial harm or prejudice. For example, the record indicates that the AJ did not need to reopen discovery or grant the motion to compel. Mr. McHugh's motion to

compel discovery was submitted to the Board on March 25, 2022, which was four days before the Board hearing, after discovery already closed, and two weeks after the last date for filing such a motion with the Board. *Compare* Appx. 21–26[8] (noting Mr. McHugh's motion to compel's time stamp: "Submission date: 2022-03-25 10:27:42") *with* VA Appx. 15 ("[A]ny motion to compel was due by March 11, 2022." (citing 5 C.F.R. § 1207.73(d)(3))). We conclude that the AJ exercised sound discretion in denying Mr. McHugh's motion to compel discovery, when finding it untimely as well as deficient. Similarly, we find no reversible error in the AJ's evidentiary rulings at the hearing, including admissibility of evidence, where Mr. McHugh fails to show how he was prejudiced by those rulings.

## V. Restoration of Leave

Mr. McHugh also argues that the AJ "erred by not allowing [his] restoration of [annual] leave issue to be heard" at the March 29, 2022 hearing. Appellant's Br., Attach. at 8. Mr. McHugh alleges that Ms. Mohler made the decision not to restore his leave. However, the Agency counters that she "could not have done so in reprisal for the OSC complaint because she made clear at the hearing that she was not aware of the OSC complaint until June 2021 at the earliest[.]" Appellee's Br. at 26 (citation omitted). Also, the record indicates that the September 25, 2020 Agency decision to not grant Mr. McHugh administrative leave occurred before he waived his anonymity to OSC on October 2, 2020.

Here, we will not reweigh this evidence because the AJ observed Ms. Mohler's testimony, found it credible, and concluded that she "did not become aware of OSC

---

[8]    "Appx." refers to the corrected appendix, *see* ECF No. 25, that Mr. McHugh filed for his corrected informal brief.

complaint until at least June 2021 and possibly only in connection with this Board appeal[.]" VA Appx. 9. We find that even if the AJ erred by not considering the restoration of Mr. McHugh's annual leave, this error would be harmless here because substantial evidence supports the AJ's finding that the preponderance of evidence shows Ms. Mohler, the relevant Agency official making the decision, had no contemporaneous knowledge of the OSC complaint. Similarly, this would also hold true for all Agency witnesses who testified at the hearing to having no contemporaneous knowledge. In other words, the OSC complaint could not be a "contributing factor" to Ms. Mohler or any other Agency official's decision not to restore leave. Thus, we conclude that any failure by the Board to address the Agency's decision not to restore leave was harmless error because "[w]e find no basis in the record on which the Board could have found differently had it properly considered" the restoration of leave issue. *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 958 (Fed. Cir. 2020).[9]

## CONCLUSION

We have considered Mr. McHugh's remaining arguments and find them unpersuasive. For the foregoing reasons, the Board's decision is *affirmed*.

**AFFIRMED**

## COSTS

No costs.

---

[9]    Similarly, although Mr. McHugh appears to argue that the AJ erred by failing to consider supposed "derogatory comments" in Mr. Parsons's March 2021 affidavit, it would not matter here given our deference to the Agency's fact-finding.