# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

WILLIAM D. GODBY,

        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
CH-0714-21-0146-I-1

DATE: December 13, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>David Torchia</u>, Cincinnati, Ohio, for the appellant.

<u>Nicholas Edward Kennedy</u>, Akron, Ohio, for the agency.

<u>Matthew O. Kortjohn</u>, Dayton, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the portion of the initial decision that sustained the charges and penalty, AFFIRM the portion

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

that found the appellant failed to prove his affirmative defenses, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency bears the burden of proving the charge by substantial evidence. 38 U.S.C. § 714(d)(2)(a).  If the agency meets this standard, the Board may not mitigate the agency's chosen penalty, but the Board is nonetheless required to review the penalty as part of the agency's overall decision.  *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020).  In reviewing the penalty, the Board must consider and apply the *Douglas* factors.[2]  *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326 (Fed. Cir. 2021); *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 49.  Further, the agency's decision may not be sustained if the appellant shows by preponderant evidence that the decision was the result of harmful procedural error, was based on a prohibited personnel practice described in 5 U.S.C. § 2302(b), or was not in accordance with law.  5 U.S.C. § 7701(c)(2); *Semenov*, 2023 MSPB 16, ¶ 23.

¶3     In *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298-1301 (Fed. Cir. 2021), our reviewing court held that, although the Board uses the substantial evidence standard in reviewing an action under section 714, the agency itself must apply a preponderant evidence standard in determining whether the charges should be sustained.  *Id*. at 1298-1301.  Here, the deciding official sustained the proposed removal based on his finding that the charge and specifications were "supported by substantial evidence."  Initial Appeal File, Tab 12 at 12.  Although the agency's removal decision predated *Rodriguez*, the holding in *Rodriguez* applies to all pending cases, regardless of when the events

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06), the Board articulated a nonexhaustive list of factors that are relevant in assessing the appropriate penalty in an adverse action under chapter 75.

at issue took place. *Semenov*, 2023 MSPB 16, ¶ 22. Thus, the deciding official's use of the substantial evidence standard was in error.

¶4　　Our reviewing court has determined that in a case such as this one, it is appropriate to vacate the portion of the initial decision that sustained the underlying action and remand for further proceedings. *Bannister v. Department of Veterans Affairs*, 26 F.4th 1340, 1343 (Fed. Cir. 2022); *Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1348 (Fed. Cir. 2022). The court has further explained that the proceedings on remand will "[presumably] . . . include requiring the [agency's] deciding official to determine whether the evidence to each of the charges against [the appellant] satisfied the preponderance of the evidence standard of proof." *Rodriguez*, 8 F.4th at 1301; *see also Bannister*, 26 F.4th 1340 at 1343 (same); *Bryant*, 26 F.4th at 1347 (same).

¶5　　Accordingly, we vacate the portion of the initial decision that sustained the charges and penalty and remand the case to the regional office.[3] On remand, the administrative judge should order the agency to provide evidence and argument as to whether, based on the information that was available to the deciding official and the appellant at the time of the decision, the deciding official would have determined that the appellant's proposed removal was supported by a preponderance of the evidence. The agency's pleading should specifically address any relevant *Douglas* factors. *See Connor*, 8 F.4th at 1326. The appellant should be provided an opportunity to respond to the agency's submission, and the administrative judge may conduct a supplemental hearing if needed. Based on the fully developed record, the administrative judge should determine whether the agency's failure to apply the preponderant evidence standard in the first instance was harmful error under 5 U.S.C. § 7701(c)(2)(B). *See Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge finds that the agency's error was not harmful, she should make a new finding, based on the

---

[3] It is unnecessary at this stage to remand the case to the agency. *See Semenov*, 2023 MSPB 16, ¶ 22 n.5.

fully developed record, as to whether the agency's action is supported by substantial evidence.[4]

¶6     The appellant has not contested the administrative judge's finding that he failed to prove his affirmative defenses of whistleblowing retaliation, race discrimination, other alleged harmful errors, and violation of his First Amendment rights, and we discern no error in those findings.  Accordingly, we affirm the portion of initial decision concerning those defenses.  *See Bannister* 26 F.4th at 1343-44; *Bryant,* 26 F.4th at 1348.

## ORDER

¶7     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


*Jennifer Everling*

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.

---

[4] If the administrative judge finds that the charges are supported by substantial evidence, but also finds that (1) the agency did not consider the relevant *Douglas* factors; or (2) that its chosen penalty is unreasonable, she should remand the case to the agency for a new penalty determination.  *Connor*, 8 F.4th at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed Cir. 2021)); *Semenov*, 2023 MSPB 16, ¶ 49.