UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

GREGORY L. BROWN,
      Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
DA-0714-21-0218-I-1

DATE: May 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Daniel J. Gamino, Esquire, Oklahoma City, Oklahoma, for the appellant.

Joan M. Green, Esquire, Oklahoma City, Oklahoma, for the agency.

Shannon Yero, Garland, Texas, for the agency.

Tijuana D. Griffin, Little Rock, Arkansas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat 862, 869-73 (2017) (codified as amended at 38 U.S.C. § 714). For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a GS-7 Lead Police Officer with the Oklahoma City Veterans Affairs Medical Center's Police Services. Initial Appeal File (IAF), Tab 1 at 2, Tab 7 at 7, 12. The agency removed him effective March 23, 2021, for failure to follow policy. IAF, Tab 7 at 12-15, 50-52. The charge consisted of one specification concerning an incident in March 2020, when the appellant did not complete a Uniform Offense Report or a Missing Patient Reaction Worksheet after Police Services was notified of a high-risk missing patient. *Id.* at 50. In sustaining the charge, the deciding official determined that it "was supported by substantial evidence." *Id.* at 12.

The appellant filed a Board appeal of his removal. IAF, Tab 1. After the administrative judge held a hearing, IAF, Tab 20, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, (Fed. Cir. 2021), and *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, (Fed. Cir. 2021). Recognizing that these cases affected the adjudication of the appellant's removal, the administrative judge reopened the record and allowed the parties to submit argument on the impact of *Connor* and *Rodriguez* on the appeal; however, he did not allow them to submit additional evidence. IAF, Tab 22. After both parties responded, the administrative judge issued an initial decision reversing the removal because the deciding official reviewed the proposed removal under a substantial evidence standard, instead of a preponderant evidence standard, when determining that the appellant committed the charged offense. IAF, Tab 25, Initial Decision (ID)

at 13, 15. The administrative judge declined to apply the harmful error standard to the deciding official's application of the incorrect standard of review. ID at 14.

The agency has filed a petition for review arguing that the administrative judge erred in reversing the action as not in accordance with law, instead of taking evidence as to whether the deciding official actually applied a substantial evidence standard and, if so, whether doing so was harmful. Petition for Review (PFR) File, Tab 1. The appellant has responded. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We remand the appeal for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.</u>

As noted, the deciding official sustained the action based on his conclusion that there was substantial evidence to do so. IAF, Tab 7 at 12. Before the initial decision in this case was issued, the Federal Circuit decided *Rodriguez*, 8 F.4th at 1296-1301, in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action issued under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that an agency's deciding official must "determine[]" whether "the performance or misconduct . . . warrants" the action at issue, using a preponderance of the evidence burden of proof. *Id.* at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)).

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. Applying the decision in *Rodriguez*, the administrative judge reversed the agency's removal as "not in accordance with law" under 5 U.S.C. § 7701(c)(2)(C). ID at 14-15. He concluded that because the agency's action was unlawful, he was required to reverse it. *Id.* However,

after the initial decision was issued, the Board issued its decision in *Semenov*, 2023 MSPB 16. In *Semenov*, the Board found it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to the agency's improper application of the substantial evidence standard to its review of the proposed removal. *Semenov*, 2023 MSPB 16, ¶¶ 21-24. We are not persuaded by the finding in the initial decision, or the appellant's argument on review, that the agency's error requires the Board to reverse the action. ID at 14-15; PFR File, Tab 3 at 10-11.

On review, the agency argues that the administrative judge incorrectly relied on *McCollum v. National Credit Union Administration*, 417 F.3d 1332 (Fed. Cir. 2005), when declining to apply the harmful error standard to the deciding official's substantial evidence review. PFR File, Tab 1 at 8-9. The administrative judge relied on *McCollum* for the proposition that when an appealable action is unlawful in its entirety, i.e., there is no legal authority for the agency's action, the Board will reverse such an action as "not in accordance with law" under 5 U.S.C. § 7701(c)(2)(C), regardless of whether the error was harmful. ID at 14. In *McCollum*, 417 F.3d at 1339-40, the Federal Circuit reversed the de facto removal of an employee because it was not in accordance with law. There, agency officials effectively removed the petitioner for failure to accept a directed reassignment. *Id.* at 1335-38. However, the Federal Circuit found that the only entity with authority to remove the petitioner was a 3-member Board, which did not vote to remove him. *Id.* at 1338-40. Instead, other agency officials processed what amounted to an involuntary separation from service. *Id.* at 1338, 1340. Thus, because "the agency itself, according to its own authority structure, never removed [the petitioner]," his removal was not in accordance with law. *Id.* at 1340.

An action taken pursuant to 38 U.S.C. § 714 "may not be sustained under [§ 7701(b)]" if the agency committed harmful error, based its decision on a prohibited personnel practice under 5 U.S.C. 2302(b), or "the decision was not in accordance with law." *Semenov*, 2023 MSPB 16, ¶ 23 (quoting 5 U.S.C.

§ 7701(c)(2)). The "harmful error" provision of 5 U.S.C. § 7701(c)(2) is applicable to all procedural errors, while the "not in accordance with law" provision is applicable to other unlawful actions. *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 12 (2014). Unlike in *McCollum*, here, the agency itself acted to remove the appellant. However, it committed procedural error during the process by applying the wrong burden of proof in sustaining the removal. This error in the application of the procedures under 38 U.S.C. § 714 does not render the action unlawful. *See Rodriguez*, 8 F4th at 1296, 1301 (identifying the appellant's argument regarding the agency's application of the substantial evidence standard under 38 U.S.C. § 714 as one of procedural error, and remanding the issue for further proceedings); *see also Bannister v. Department of Veterans Affairs*, 26 F.4th 1340, 1343-44 (Fed. Cir. 2022) (remanding to the Board a 38 U.S.C. § 714 removal in which the agency improperly applied the substantial evidence standard "for further proceedings under the correct legal standard"). Thus, as we found in *Semenov*, the harmful error standard from 5 U.S.C. § 7701(c)(2) applies here. *Semenov*, 2023 MSPB 16, ¶ 23.

We therefore remand the appeal for further adjudication. On remand, the administrative judge should afford the parties an opportunity to submit evidence and argument, including holding a supplemental hearing if needed, on the issue of whether the agency's use of the substantial evidence standard constituted harmful procedural error. *Semenov*, 2023 MSPB 16, ¶ 24.

<u>On remand, the administrative judge should allow the parties an opportunity to present evidence and argument regarding whether the agency considered the *Douglas* factors in determining the penalty.</u>

In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board provided a nonexhaustive list of factors relevant to penalty determinations. In *Semenov*, 2023 MSPB 16, ¶¶ 44-50, the Board concluded that, consistent with the Federal Circuit's decision in *Connor*, 8 F.4th at 1325-26, in reviewing the penalty in an action taken under 38 U.S.C. § 714, the agency and the Board must

apply the *Douglas* factors. Even though the Board is precluded from mitigating the penalty under 38 U.S.C. §§ 714(d)(2)(B), (d)(3)(C), the Board is required "to review for substantial evidence the entirety of the [agency's] removal decision—including the penalty." *Semenov*, 2023 MSPB 16, ¶ 45 (quoting *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1379 (Fed. Cir. 2020)). That review is essentially to ensure that the agency conscientiously considered the relevant factors and struck a responsible balance of those factors within tolerable limits of reasonableness. *Id.*, ¶ 48.

Here, the administrative judge provided the parties with guidance regarding the Board's obligation to review the penalty in an action taken under the VA Accountability Act, pursuant to *Connor*. IAF, Tab 22. However, he did not allow the parties to submit additional evidence or testimony regarding whether the deciding official considered the relevant mitigating and aggravating *Douglas* factors. IAF, Tab 22 at 2. Further, because he reversed the agency's action based on its use of the wrong burden of proof, he did not reach the issue of the reasonableness of the removal penalty. ID at 15 n.14. In the proposed removal letter, the proposing official did not reference *Douglas*. However, he stated that he considered the appellant's prior admonishment and suspensions and his job level and responsibility as Lead Police Officer, and concluded that he lacked confidence in the appellant's ability to perform at a satisfactory level or to be rehabilitated. IAF, Tab 7 at 50. Similarly, in the deciding official's decision letter upholding the proposed removal, he also did not reference *Douglas*; however, he did state that the penalty of removal was reasonable in light of the appellant's prior discipline for failure to follow supervisory instruction as well as the higher standard to which he was held as Lead Police Officer. *Id.* at 12.

Additionally, in his hearing testimony, the deciding official stated that he did not conduct a *Douglas* factor analysis; however, he determined that removal was reasonable in light of the appellant's prior discipline for the same misconduct, the seriousness of the offense, his knowledge of the rules and

policies violated, and his supervisory role as Lead Police Officer. Hearing Transcript at 134-37, 167-69 (testimony of the deciding official).

Nevertheless, the record does not reflect whether the deciding official considered any other relevant mitigating *Douglas* factors in making the decision to remove the appellant, including, for example, the appellant's 23-years of service with the agency and the consistency of the penalty. IAF, Tab 7 at 43; *see Douglas*, 5 M.S.P.R. at 305-06. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable, and, if not, he should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *Id.* (citing, among other cases, *Connor*, 8 F.4th at 1326-27).

The administrative judge may adopt his prior findings on the appellant's affirmative defenses, as clarified by this Remand Order.

The administrative judge found that the appellant failed to prove his affirmative defenses of retaliation for equal employment opportunity (EEO) activity and a prior non-whistleblower-reprisal Board appeal. ID at 15-21. On review, neither party challenges the administrative judge's findings that the appellant did not prove his affirmative defenses. *Id.*

In making his findings regarding the appellant's EEO affirmative defense, the administrative judge observed that, pursuant to *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 48, 51 (2015), *overruled by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, if the appellant shows that a discriminatory or retaliatory motive was a factor in the contested action, the Board will reverse the action unless the agency shows that it would have taken the same action in the absence of its improper motive. ID at 15-16. After the administrative judge issued his decision, the Board clarified the standards of

proof applicable to EEO reprisal claims that arise, as does the appellant's, under the Age Discrimination in Employment Act and Title VII.  IAF, Tab 7 at 8-9, Tab 13 at 13.  As relevant here, the appellant may prove a claim of retaliation by showing that his prior EEO activity was at least a motivating factor in his removal.  *Pridgen*, 2022 MSPB 31, ¶ 20-22, 30.  The administrative judge found that the appellant failed to prove that EEO retaliation was a motivating factor in his removal.  ID at 20.  Because he did not show that retaliation was a motivating factor in his removal, he necessarily failed to meet the more stringent "but-for" standard.  *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33.  Therefore, we find that the administrative judge's application of the burden of proof set forth in *Savage* did not impact his determination.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

An additional matter requires correction.  In the initial decision, the administrative judge provides conflicting findings regarding whether the appellant raised a claim of retaliation under the "cat's paw" theory, which we clarify here.  The administrative judge acknowledged that the crux of the appellant's reprisal argument is that the proposing official, who he alleges harbored retaliatory motive against him because he was a responsible management official in the appellant's EEO complaint, maintained a "close personal friendship" with the deciding official, which rendered the deciding official incapable of making an unbiased decision concerning the appellant's removal.  IAF, Tab 7 at 20, Tab 12 at 7; ID at 19.  The administrative judge essentially found that the appellant did not prove retaliation under the "cat's paw" theory.  ID at 19-20.  However, he concluded that the appellant did not allege a claim of retaliation under the "cat's paw theory."  ID at 20 n.18.  We disagree and find that the appellant here did appear to allege a claim of retaliation under the "cat's paw" theory.  *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11

(2012) (explaining the Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences an agency official who is unaware of the improper animus when implementing a personnel action (citation omitted)). Nevertheless, because we discern no error with the administrative judge's analysis or finding that the appellant failed to prove that the proposing official improperly influenced the deciding official, we find that any such error in identifying the claim is harmless. *See Panter*, 22 M.S.P.R. at 282 (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Lastly, in finding that the appellant failed to prove retaliation for his prior Board appeal of a 3-day suspension, the administrative judge observed that, pursuant to *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), an appellant can establish an affirmative defense of non-whistleblower reprisal by proving by a preponderance of the evidence that he engaged in protected activity, the accused official knew of the protected activity, the adverse employment action under review could, under the circumstances, have been retaliation, and there was a genuine nexus between the retaliation and the adverse action. ID at 20-21. We clarify that in *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016), the Board observed that this standard also does not apply when the prior protected activity involves an allegation of reprisal for EEO activity. Here, the administrative judge did not make a finding as to whether the appellant's prior appeal over his 3-day suspension alleged retaliation for EEO activity; however, upon reviewing the record of that appeal, we find that it did not. *Brown v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-19-0402-I-1, Initial Appeal File, Tab 1, Tab 6 at 9. On remand, the administrative judge may adopt his prior findings as to the appellant's affirmative defenses, as clarified by this Order.

**ORDER**

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                             Gina K. Grippando
                                             Clerk of the Board
Washington, D.C.